UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

CASE NO.: 2:23-cv-13010

MORGAN HOWARTH,

        Plaintiff,

v.

GRANITE AND MARBLE DESIGN, LLC,

        Defendant,

## FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT

### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff MORGAN HOWARTH by and through his undersigned counsel, brings this Complaint against Defendant GRANITE AND MARBLE DESIGN, LLC for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff MORGAN HOWARTH ("Howarth") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Howarth's original copyrighted Works of authorship.

2. With his signature style, Howarth creates art out of space using carefully coordinated compositions and lighting. The rich and illustrative look in his architecture photos comes from meticulously combining a multitude of

separately lit images into one perfect shot. No matter what, he's willing to take on the challenge; such as turning night into day, winter into summer and dull into excitement. And when it comes to bringing out a space's true personality and details, there's no one better. Throughout his lengthy career, Morgan has photographed hundreds of interiors and exteriors for a host of clients - and has loved every minute of it. Photography has exposed Morgan to beautiful places and creative people, but he still considers the best part of any assignment to be that final "Wow!" from a client.

3. Defendant GRANITE AND MARBLE DESIGN, LLC ("GMD") is a granite and stone fabrication and installation company located in Sylvan Lake, Michigan. At all times relevant herein, GMD owned and operated the Instagram page located at the URL www.instagram.com/granitequartzdesign (the "Instagram Page").

4. Howarth alleges that Defendant copied Howarth's copyrighted Works from the internet in order to advertise, market and promote its business activities. GMD committed the violations alleged in connection with Defendant's business for purposes of advertising and promoting sales to the public in the course and scope of the GMD's business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

SRIPLAW
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ INDIANA ♦ TENNESSEE ♦ TEXAS ♦ NEW YORK

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is subject to personal jurisdiction in Michigan.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, GMD engaged in infringement in this district, GMD resides in this district, and GMD is subject to personal jurisdiction in this district.

## DEFENDANT

9. Granite and Marble Design, LLC is a Michigan Limited Liability Company, with its principal place of business at 2486 Orchard Lake Rd, Sylvan Lake, Michigan, 48320, and can be served by serving its Registered Agent, David A. Mollicone, 401 South Old Woodward, Suite 460, Birmingham, MI 48009.

## THE COPYRIGHTED WORKS AT ISSUE

10. In 1997, Howarth created the photograph entitled "5807_Madaket_Bath_2_F" which is shown below.



11. In 2015, Howarth created the photograph entitled "5114_Brookview_Exterior_Front_F_2" which is shown below.

SRIPLAW
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ INDIANA ♦ TENNESSEE ♦ TEXAS ♦ NEW YORK



12. Collectively, "5807_Madaket_Bath_2_F" and "5114_Brookview_Exterior_Front_F_2" are referred herein as the "Works".

13. Howarth registered "5807_Madaket_Bath_2_F" with the Register of Copyrights on August 15, 2007, and was assigned registration number VA 1-966-326.

14. Howarth registered "5114_Brookview_Exterior_Front_F_2" with the Register of Copyrights on August 29, 2014, and was assigned registration number VA 1-958-896.

15. The Certificates of Registration are attached hereto as **Exhibit 1**.

16. Howarth's Works are protected by copyright but were not otherwise confidential, proprietary, or trade secrets.

17. At all relevant times Howarth was the owner of the copyrighted Works at issue in this case.

## INFRINGEMENT BY GMD

18. GMD has never been licensed to use the Works at issue in this action for any purpose.

19. On a date after the Works at issue in this action were created, but prior to the filing of this action, GMD copied the Works.

20. On or about July 4, 2023, Howarth discovered the unauthorized use of his Works on the Instagram Page.

21. GMD copied Howarth's copyrighted Works without Howarth's permission.

22. After GMD copied the Works, it made further copies and distributed the Works on the internet to promote the sale of goods and services as part of its granite and stone business.

23. GMD copied and distributed Howarth's copyrighted Works in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

24. Howarth's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

25. GMD committed copyright infringement of the Works as evidenced by the documents attached hereto as **Exhibit 2**.

26. Howarth never gave Defendant permission or authority to copy, distribute or display the Works at issue in this case.

27. Howarth notified GMD of the allegations set forth herein on August 10, 2023 and September 1, 2023. To date, the parties have failed to resolve this matter.

## COUNT I
## COPYRIGHT INFRINGEMENT

28. Howarth incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Howarth owns valid copyrights in the Works at issue in this case.

30. Howarth registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

31. GMD copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without Howarth's authorization in violation of 17 U.S.C. § 501.

32. GMD performed the acts alleged in the course and scope of its business activities.

33. Defendant's acts were willful.

34. Howarth has been damaged.

35. The harm caused to Howarth has been irreparable.

## COUNT II

## SECONDARY LIABILITY

36. Howarth incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

37. GMD claims that it hired a marketing company to access, copy, edit, display, and distribute images, including the Works, on GMD's Instagram page.

38. Alternative to Count I above, to the extent that the marketing company was responsible for the unauthorized copying, display, and distribution of the Works to GMD and on GMD's Instagram page, that unnamed marketing company directly infringed upon Howarth's rights in the Work.

39. Howarth never granted any party, including the marketing company, the right to copy, display, or distribute the Work through GMD's Instagram page or anywhere else.

40. Upon information and belief, through its contract with the marketing company, GMD had the legal right and ability to control its marketing company's actions regarding the accessing, copying, and displaying of the Works.

41. Upon information and belief, GMD had the legal right and ability to stop its marketing company's infringement of the Works.

42. GMD negligently failed to select, instruct, or supervise its marketing company regarding the selection and copying of images that would be used on the Instagram page.

43. By paying the marketing company for its services and using the results of the marketing company's services for its own commercial purposes, GMD had a financial interest in the infringing activities of the marketing company and profited directly from the infringement.

44. GMD is vicariously liable for any infringing or violative activity caused directly by the marketing company.

WHEREFORE, the Plaintiff MORGAN HOWARTH prays for judgment against the Defendant GRANITE AND MARBLE DESIGN, LLC that:

    a. GMD and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

    b. GMD be required to pay Howarth his actual damages and Defendant's profits attributable to the infringement, or, at Howarth's election, statutory damages, as provided in 17 U.S.C. § 504

    c. Alternatively, that Defendant by held joint and severally liable for its freelancer's infringing and violative activity under 17 U.S.C. § 501.

      d.      Howarth be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

      e.      Howarth be awarded pre- and post-judgment interest; and

      f.      Howarth be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Howarth hereby demands a trial by jury of all issues so triable.

DATED: July 23, 2024               Respectfully submitted,

*/s/ J. Campbell Miller*
J. CAMPBELL MILLER
Campbell.miller@sriplaw.com

**SRIPLAW, P.A.**
6325 Riverview Drive
Indianapolis, IN 46220
332.600.5599 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Morgan Howarth*